IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PENN-AMERICA INSURANCE
COMPANY, INC.,

    Plaintiff,

vs.                                       CASE NO. _____

FLOYD & GULCK, INC., and
ROBIN GILLMAN,

    Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff PENN-AMERICA INSURANCE COMPANY, INC. ("Penn-America"), by and through undersigned counsel hereby sues FLOYD & GULCK, INC. ("Floyd & Gulck") and ROBIN GILLMAN ("Gillman") and states:

1.    This action seeks a declaratory judgment concerning a commercial general liability policy issued by PENN-AMERICA to FLOYD & GULCK.

### Jurisdiction and Venue

2.    The district court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because:

    a.    the amount in controversy exceeds $75,000;

    b.    PENN-AMERICA is a citizen of Pennsylvania pursuant to 28 U.S.C. § 1332(c)(1) because PENN-AMERICA is a

Pennsylvania corporation with its principal place of business in Pennsylvania;

       c.   FLOYD & GULCK is a Florida corporation with its principal place of business in Florida; and

       d.   GILLMAN is a resident and citizen of Florida.

3.   Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Florida because both defendants reside in the Northern District of Florida.

## The Gillman Incident

4.   At all times material hereto, FLOYD & GULCK has been a Florida corporation operating Domestic Laundry and Cleaners in Panama City, Florida.

5.   In December 2008, GILLMAN was bodily injured by laundry machinery on the premises of FLOYD & GULCK.

6.   GILLMAN brought a personal injury action against FLOYD & GULCK in Florida circuit court under Bay County case number 09-931CA.  A copy of her complaint is attached hereto as Exhibit 2.

## The Policy

7.   PENN-AMERICA issued commercial general liability policy number PAC6788856 to FLOYD & GULCK d/b/a Domestic Laundry

and Cleaners bearing policy dates of October 29, 2008 to October 29, 2009.

8.   The coverage limit of policy number 6788856 is $1,000,000 per occurrence.

9.   A certified copy of policy number 6788856 is attached hereto as Exhibit 1.

10.   The policy contained an Employer's Liability exclusion which states:

> 2.   **Exclusions**
>
> This insurance does not apply to:
>
> e.   **Employer's Liability**
>
> "Bodily injury" to"
>
> > (1) An "employee" of the insured arising out of and in the course of:
> >
> > > (a) Employment     by     the insured; or
> > >
> > > (b) Performing          duties related to the conduct of the insured's business . . . .

11.   The policy defines "employee" to include a "leased worker" but not a "temporary worker."

12.   The policy defines "temporary worker" as "a person who is furnished to you to substitute for a permanent 'employee' on leave or to meet seasonal or short-term workload conditions."

3

## Count I – Declaratory Judgment – Floyd & Gulck

13.  PENN-AMERICA incorporates herein paragraphs 1-12 above.

14.  This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, brought to determine the rights and obligations of the parties to an insurance contract.

15.  PENN-AMERICA contends that GILLMAN was an "employee" of FLOYD & GULCK at the time of her injury whose bodily injury arose from and in the course of her employment.

16.  PENN-AMERICA contends that GILLMAN at the time of her injury, GILLMAN was engaged by FLOYD & GULCK to work for FLOYD & GULCK in exchange for the payment of wages.

17.  PENN-AMERICA contends that GILLMAN was not a "temporary worker" at the time of her injury because she was not furnished to FLOYD & GULCK to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

18.  PENN-AMERICA thus contends that the bodily injury to GILLMAN is not a covered loss under policy number PAC6788856, and that PENN-AMERICA therefore has no obligation to defend FLOYD & GULCK from GILLMAN's state court lawsuit nor to indemnify FLOYD & GULCK for any liability it may have to GILLMAN.

4

19.   An  actual,  immediate  controversy  exists  among  the parties regarding whether coverage is afforded under the subject policy  for  the  claims  and  alleged  damages  in  GILLMAN's  lawsuit against FLOYD & GULCK.

WHEREFORE,  PENN-AMERICA  respectfully  requests  the  Court enter a declaratory judgment determining that:

a.   PENN-AMERICA  has  no  obligation  to  defend  FLOYD  & GULCK from GILLMAN's state court lawsuit; and

b.   PENN-AMERICA  has  no  obligation  to  indemnify  FLOYD & GULCK for any liability it may have to GILLMAN.

### Count II – Declaratory Judgment – Robin Gillman

20.   PENN-AMERICA    incorporates    herein    paragraphs    1-12 above.

21.   This  is  an  action  for  declaratory  judgment  pursuant  to 28  U.S.C.  §  2201,  brought  to  determine  the  rights  and obligations  of  PENN-AMERICA  and  GILLMAN  relative  to  the  above-referenced policy.

22.   PENN-AMERICA  contends  that  GILLMAN  was  an  "employee" of  FLOYD  &  GULCK  at  the  time  of  her  injury  whose  bodily  injury arose from and in the course of her employment.

23.   PENN-AMERICA  contends  that  GILLMAN  at  the  time  of  her injury,  GILLMAN  was  engaged  by  FLOYD  &  GULCK  to  work  for  FLOYD  & GULCK in exchange for the payment of wages.

24.  PENN-AMERICA contends that GILLMAN was not a "temporary worker" at the time of her injury because she was not furnished to FLOYD & GULCK to substitute for a permanent employee on leave or to meet seasonal or short-term workload conditions.

25.  PENN-AMERICA thus contends that the bodily injury to GILLMAN is not a covered loss under policy number PAC6788856, and that PENN-AMERICA therefore has no obligation to defend FLOYD & GULCK from GILLMAN's state court lawsuit nor to indemnify FLOYD & GULCK for any liability it may have to GILLMAN.

26.  An actual, immediate controversy exists among between PENN-AMERICA and GILLMAN regarding whether coverage is afforded under the subject policy for the claims and alleged damages in GILLMAN's lawsuit against FLOYD & GULCK.

WHEREFORE, PENN-AMERICA respectfully requests the Court enter a declaratory judgment determining that:

a.  PENN-AMERICA has no obligation to defend FLOYD & GULCK from GILLMAN's state court lawsuit; and

b.  PENN-AMERICA has no obligation to indemnify FLOYD & GULCK for any liability it may have to GILLMAN.

## DEMAND FOR JURY TRIAL

PENN-AMERICA hereby demands a jury trial on any issues of fact so triable in this matter.

BANKER LOPEZ GASSLER P.A.

Bruce A. Aebel
FL Bar No.: 66435
501 E. Kennedy Boulevard
Suite 1500
Tampa, Florida 33602
P: 813-221-1500
F: 813-222-3066
E-mail: baebel@bankerlopez.com

And

William D. Horgan
FL Bar No.: 176877
111 N. Calhoun Street
Tallahassee, FL 32301
P: 850-412-2245
F: 850-412-2241
E-mail: whorgan@bankerlopez.com

**Counsel for Plaintiff Penn-America Insurance Company, Inc.**

7